SALAMANCA TRUST COMPANY, Plaintiff, *v.* MRS. RAY CROUSE and Others, Defendants.

Supreme Court, Cattaraugus County, May 25, 1927.

Deeds — condition subsequent — condition in deed that in event of interruption or termination of care "for any reason whatsoever" grant would be void and title to premises would revert to grantor — grantee died during life of grantor — grantor made re-entry on premises — defense of act of God not good — on re-entry property reverted to grantor — subsequent deed to plaintiff by grantor valid.

A condition in a deed, given in consideration of the grantee's promise to care for the grantor as housekeeper during the period of his natural life, which recited that "in case of interruption or termination of said services by the second party for any reason whatsoever" the grant would be void and revert to the grantor, was a condition subsequent and on the death of the grantee, and the forfeiture consequent thereto, the grantor became entitled to the reversion of the title of the property and had the right to make re-entry thereon, if he so desired.

Accordingly, said grantor having made re-entry after the death of his housekeeper, had a right to convey title in the premises to plaintiff by deed, executed after her death and after his re-entry upon the premises, and consequently plaintiff is entitled to a judgment decreeing that the deed to said housekeeper is a cloud on title and should be canceled of record.

The fact that the services were terminated through the act of God is not a good defense to plaintiff's action. If a grant contains a condition subsequent which the grantee is unable to perform because of an interfering act of God, the fulfillment of the condition is excused and the estate becomes absolute in the grantee or his heirs at law, except if the parties to such deed have covenanted otherwise.

However, the estate of the first grantee is entitled to be paid the amount of money to which said grantee would have been entitled on forfeiture by her as provided in the deed at the rate of $100 per annum covering the period from the date of the deed to the date of her death.

Supreme Court, May, 1927.                    [Vol. 129

MOTION by defendant John Rowan to dismiss the complaint.

*Whipple & Whipple* [*Burdette Whipple* of counsel], for the plaintiff.

*Henry Donnelly*, for the defendant John Rowan.

*A. Edward Krieger*, guardian of infant defendants.

HARRIS, J.  At the Olean March Equity Term this action was reached for trial, and at that time the attorney for the defendant John Rowan made a motion to dismiss the complaint.  Subsequently thereto proof was taken on the merits.  Following the closing of the evidence the defendant John Rowan moved to dismiss the complaint on the merits.

The facts pertinent to the action and the questions involved are as follows: Prior to the 28th day of September, 1925, one Neltson J. Widrig owned and resided on certain premises described in the complaint and located in the town of Franklinville, county of Cattaraugus.  By deed dated the 28th day of September, 1925, he conveyed such premises to one Maggie Rowan, which deed was recorded in the Cattaraugus county clerk's office in liber 300 of Deeds at page 582.  Such deed recited as follows: " For and in consideration of the agreement of second party to care for as housekeeper first party for and during the period of his natural life." And further recited, after the recital of conveyance and description: " Nevertheless the party of the first part reserved full use and management for life of the above described property, without any charge whatsoever.  In case of interruption or termination of said services by the second party for any reason whatsoever shall defeat this said grant and render the same void.  Then and in that case this reservation shall extend to the whole and complete title, ownership and possession of said above described premises in first party his heirs, executors, administrators, and assigns, except and only upon the payment by first party to second party, her executors, administrators, or assigns the sum of one hundred dollars for each year for the period of the actual performance of the said services. The minimum amount secured or which by any contingency may be secured by the terms of the above agreement is two thousand ($2000.) dollars."

Said Maggie Rowan died February 6, 1926, leaving eight children, three adults and five infants, all of whom are made party defendants in this action.  Subsequent to the death of said Maggie Rowan and in the month of February, 1926, the said Neltson J. Widrig re-entered on such premises, his re-entry being proven by the testimony of one Cecile Rowan, a defendant herein, who says that he saw the said Widrig on such premises and working the same.   On

April 2, 1926, the said Widrig conveyed said premises to the plaintiff herein by deed recorded in the Cattaraugus county clerk's office on April 12, 1926, in liber **285** of Deeds at page 618, and since that time the plaintiff has been in possession of the premises.

The plaintiff herein asks that the deed to Maggie Rowan, heretofore referred to as being recorded in Cattaraugus county in liber 300 of Deeds, be adjudged to be a cloud on the title of the plaintiff to such premises, and that such deed be canceled of record, and that any one claiming under the said Maggie Rowan be barred from any claim or inheritance to said premises. The motion of the defendant John Rowan to dismiss the complaint and his later motion to the same effect after the trial of this action, are based on the grounds, *first*, that the condition contained in the deed to the said Maggie Rowan, providing for reversion to the said Widrig, was a condition subsequent and that the title to the said Maggie Rowan was freed of such condition, due to the fact that her services were terminated through the act of God. The said defendant further argues that, even if there were a forfeiture, by reason of which the said Widrig would have a right to re-enter, such right of re-entry was a personal right and could not be assigned or conveyed, and that, therefore, the plaintiff herein could not maintain this action.

It cannot be disputed that the condition contained in the deed was a condition subsequent and it undoubtedly is the law that the failure of a condition subsequent creates, in reference to the right of reverter, a forfeiture, of which only the grantor, or his heirs at law, can take advantage, such forfeiture not being an interest or estate in lands or even a chose in action and, therefore, not the subject of conveyance and assignment. ( *Nicoll* v. *New York & Erie R. R. Co.,* 12 N. Y. 121; *Upington* v. *Corrigan,* 151 id. 143.)

It further appears to be the law of this State that if a grant contains a condition subsequent, which the grantee is unable to perform because of an interfering act of God, the fulfillment of the condition is excused and the estate becomes absolute in the grantee or his heirs at law, except if the parties to such deed have covenanted otherwise. (Bouvier's Law Dict. [3d Rev.] p. 584, citing Pollock on Contracts, 387, and *Merrill* v. *Emery,* 10 Pick. 507; 1 Am. & Eng. Ency. of Law [2d ed.], "Act of God," p. 600; 1 Gerard New York Real Prop. [6th ed.] § 298, p. 451; *Merriam* v. *Wolcott,* 61 How. Pr. 377; *McLachlan* v. *McLachlan,* 9 Paige, 534; *People ex rel. Bishop* v. *Kingston & Middletown Turnpike Road Co.,* 23 Wend. 193.)

In the case at bar, however, the grantor and grantee of the deed from Widrig to Rowan evidently contemplated a reverter, no matter what the cause of the termination of the services by the

said Maggie Rowan, they having covenanted that " in case of interruption or termination of said services by said second party *for any reason whatsoever* shall defeat the said grant and render the same void; " so on the death of said grantee, Maggie Rowan, and the forfeiture consequent thereto, the said Neltson J. Widrig became entitled to the reversion of the title of the property described in the complaint and to make a re-entry on the same if he so desired. It is true that such forfeiture and right of re-entry was only available to the said Widrig or his heirs at law. ( *Nicoll* v. *New York & Erie R. R. Co., supra; Upington* v. *Corrigan, supra.*) The proof on the trial is to the effect that the said Widrig did make a re-entry after the death of the said Maggie Rowan, in the month of February, 1926, and before he executed the deed to the plaintiff herein. Having done so, the said Widrig regained title and thus had a right to convey said title to the premises described in the complaint to the plaintiff herein at the time that he did so.

Based on the foregoing, the court has reached the conclusion that the plaintiff herein is entitled to judgment as demanded in the complaint. However, the estate of the said Maggie Rowan, and those interested therein, are entitled to be paid the amount of money to which the said Maggie Rowan would have been entitled on forfeiture by her, as provided in the deed, at the rate of $100 per annum, and covering the period from the date of the deed to said Maggie Rowan, September 28, 1925, to the date of her death, January 6, 1926.

A decision in accordance with the above may be prepared and submitted to me for signature.