ALICE K. YORE, Appellant, v. WILLIAM F. CROW, Respondent.

**St. Louis Court of Appeals, December 3, 1901.**

1. **Trustee of an express trust: WHEN TO GIVE BOND: AMOUNT OF BOND: DISCRETION OF CHANCELLOR.** Under sections 4582 to 4587, inclusive, Revised Statutes of Missouri 1899, every trustee of an express trust, appointed by any last will, deed or other instrument to hold, manage or dispose of any property or estate for the use or benefit of any other person, may be required by the circuit court of the proper county to give bond in such sum and with such security as the court shall direct, conditional on the faithful execution of the trust, unless the instrument which created it dispenses with security in express terms.

2. ———: ———: DISCRETION OF COURT: AMOUNT OF BOND. And a discretion is left with the court having jurisdiction of the estate as to exacting a bond at all, and the amount of the penalty, if one is required.

Appeal from St. Louis City Circuit Court.—*Hon. William Zachritz,* Judge.

AFFIRMED.

*Jesse A. McDonald* for appellant.

(1) The respondent should be required to give security for the faithful performance of his trust duties in the management of the estate and to secure the ultimate disposition of the property according to the provisions of the will. R. S. 1899, sec. 4582; Gartside v. Gartside, 113 Mo. 354; Thieband v. Dufour, 54 Ind. 328. (2) It is the duty of the court, under the statute, to require of the trustee a bond sufficient to fully secure those beneficially interested in this estate, and no discretion is given to deny the plaintiff's petition. Gartside v. Gartside, 113 Mo. 354. (3) The order of the trial court requiring a trustee's bond of fifty thousand dollars to secure the faithful management and distribution of an estate of the value of one hundred and sixty-five thousand dollars, is the display of arbitrary will of the judge and not the exercise of legal and regular discretion.

*James P. Maginn* for respondent.

The action of the circuit court was proper. R. S. 1899, secs. 4582-87; Gartside v. Gartside, 113 Mo. 354.

GOODE, J.—There were five beneficiaries of a trust created by the will of Michael L. Kelly, deceased, of whom plaintiff is one. Respondent is the trustee.

The ninth clause of the will raises the trust and is as follows:

"I give, devise and bequeath to William F. Crow, all the rest, residue and remainder of my estate, real, personal and mixed, in trust, however, to hold the same, for the use and benefit of my children, John S., Joseph, Alice, and Rosa Ann, and John M. Power, the son of my deceased daughter, Nellie, during each of their natural lives, with full power in

said trustee or his successor in this trust, to sell all the real estate, or any part thereof, whenever deemed advisable, and the proceeds of such sales to be invested in other real estate, or such securities as he may deem best; he shall also invest the surplus income and the proceeds of such securities now held by me in real estate or interest-bearing securities as he may think best; in other words, having the greatest confidence in his judgment and business ability, I wish him to act as if the real estate belonged to himself. During the five years following my death, I desire that he shall pay to my daughter, Alice, the sum of twenty-four hundred dollars per annum, in monthly payments of two hundred dollars; to my daughter, Rosa Ann Gerhart, the sum of eighteen hundred dollars per annum, payable in monthly installments of one hundred and fifty dollars; to each of my sons, John S. and Joseph, the sum of six hundred dollars each, to be paid to them in monthly installments of fifty dollars each; and to my grandson, the sum of six hundred dollars, payable fifty dollars monthly. At the expiration of the five years herein specified, he shall ascertain the amounts paid to each of said persons, and shall equalize their shares so that each one shall have an equal, undivided one-fifth interest in the whole estate, and thereafter, he or she shall be entitled to one-fifth of the net income, which shall be payable in quarterly installments. In the event of the death of John, Joseph, or John M. Power, or any one of them, without leaving issue, his share shall belong to the remaining devisees. In the event of the death of either Alice Yore or Rosa Ann Gerhart, before all their children arrive at legal age, said trustee shall hold the share of said deceased person until the youngest child arrive at a legal age."

The estate in the trustee's hands consists of about ninety thousand dollars of personal, and seventy-five thousand dol-

lars of real property. The real estate is rent-producing. Plaintiff brought this suit to compel the trustee to give bond.

The circuit court, after hearing evidence, required him to furnish bond in the sum of fifty thousand dollars. Appellant appealed from that order, on the ground that the bond required was insufficient, and that one to the full value of the estate should be directed.

The statutes provide that every trustee appointed by any last will, deed or other instrument, to hold, manage or dispose of any property or estate for the use or benefit of any other person, may be required by the circuit court of the proper county to give bond in such sum and with such security as the court shall direct, conditioned for the faithful execution of the trust; unless the instrument which created it dispenses with security in express terms. The next section allows any person having a beneficial interest in the trust property to apply to the court for security; the next one, that the court shall hear and determine the application summarily and shall, as may be just, either reject the petition or direct the trustee to give security. If the security is ordered, the bond should be to the State of Missouri for the use of all persons beneficially interested, in such sum as the court shall direct, to be executed, approved by the judge thereof and filed in the office of said court within the time specified in the order. If the trustee fails to give bond, his fiduciary capacity ends, and a new trustee must be appointed. Such new trustee may be required by the court, on its own motion, or on the application of a party in interest, to give such security from time to time, as shall be sufficient to insure the faithful execution of the trust; if he fails to do so, still another trustee may be appointed. The foregoing is the substance of the sections of the statutes bearing on the point at issue. R. S. 1899, secs. 4582-4587, inclusive.

The different clauses and provisions are, of course, to be

so construed as to give each and all of them force and effect, if possible. A discretion is left with the court having jurisdiction of the estate as to exacting a bond at all, and the amount of the penalty, if one is required. The better practice is to require security in a reasonable sum, as was done in this instance; but in many cases it would be plainly impolitic to insist on the security being equal to the value of the trust property. Finding securities on bonds tends constantly to become more difficult and expensive for principals. Men are less inclined to assume such responsibilities gratuitously than they used to be; especially where the penalty is heavy; so that often, perhaps usually, the principal obligor must compensate some company to become his surety. If exorbitant bonds are required of trustees, the expense will necessarily be burdensome to either estates or trustees themselves. Some discretion in the matter ought to be lodged in the chancery courts, and we think the statutes have lodged it there. They have reversed the old rule by which no bond was required in the case of an express trust, unless the instrument creating the trust provided for one; now a bond may be required unless the instrument waives it. A legislative purpose to make the value of the estate an absolute measure of the amount of the security to be given for the proper execution of the trust, is neither expressed nor implied. In other instances where such an intention existed, the statutes declare it unmistakably; as in the cases of executors and administrators, and guardians and curators; who must give bond in double the value of the estate they are to administer. Where the trust is an express one, the court is permitted to either reject the petition for security or direct the trustee to furnish it. That clause imports discretion. It is permitted also, to direct the sum in which security shall be furnished, and there is nothing to suggest that the sum directed must equal or exceed the value of the estate, though it may often be good judgment to

insist on a bond that large. The court is empowered to appoint a new trustee if an incumbent fails to give security sufficient to insure the faithful execution of his trust, from time to time; which shows that additional security may be ordered when necessary. All the provisions of the statute, taken together, are incompatible with the notion that the chancellor is obliged to demand a bond as large as the estate. Circumstances must be considered; the character of the trustee, his financial responsibility, the nature of the estate, the age and discretion of the beneficiaries and their ability to keep watch of the trustee, their welfare and, to some extent, their wishes. Taking all such reasons, facts and arguments into account, the chancellor must be controlled by his best judgment.

In the present case, only one beneficiary is dissatisfied. We find nothing in the record to lead us to the conclusion that the lower court's order in the premises was unjust or unwise, or that the interests of the beneficiaries of the trust are not adequately protected by it. Any of the beneficiaries may apply hereafter for additional security whenever it is deemed expedient to do so.

The judgment is affirmed. All concur.