MANUFACTURERS NATIONAL BANK,
TRUSTEE UNDER THE WILL OF HERBERT F. SHAW
and
CARLTON E. TURNER, HELEN C. CUSHMAN and
MARJORIE F. MOORE, TRUSTEES OF THE ESTATE
GIVEN IN TRUST UNDER THE WILL OF
HERBERT F. SHAW.

*vs.*

ADELBERT S. WOODWARD.

Androscoggin.   Opinion, November 2, 1943.

*Frank T. Powers*, for the plaintiffs.

*George C. & Donald W. Webber*, for the defendant.

Sitting: Sturgis, C. J., Thaxter, Hudson, Murchie, Chapman, JJ.

Thaxter, J.   Herbert F. Shaw, late of Mount Vernon, in the County of Kennebec, sought by his will to make provision for a public library in the town. His intent is expressed in the following language:

"FIRST: I give and bequeath to the Town of Mount Vernon, Maine, my house and lot, in Mount Vernon Village, for use as a public library, and whatever remains after other sums hereinafter to be named have been disposed of shall be kept as a permanent fund, the income of which shall be used in keeping the buildings in repair and purchasing suitable books for the library. With the house I wish the Town to have everything which the buildings contain except a few articles which are kept for storage, and which belong to Annie W. Fellows. I would like for my safe to be always kept in the house. The combination of the lock is set at 77-88-28-97."

The Manufacturers National Bank, one of the plaintiffs herein, was appointed executor of the will and of the fund set up by the first clause thereof. The Town of Mount Vernon by equiv-

ocal action at various town meetings attempted to create what this court, when this will was previously considered, called a "negotiated intestacy." *Manufacturers National Bank* v. *Woodward*, 138 Me. 70, 21 A (2d) 705. The opinion in the previous case held that the town's action was in effect a declination to act as trustee under the will, and attention was called to the well established doctrine that no trust will be allowed to fail for want of a trustee. We also held that it was the testator's purpose to make the town trustee of the land and the house thereon and also of such contents of the house as belonged to the testator, and to make the bank the trustee of the residue of the estate, both of which trusts were designed "to serve the common purpose of providing a public library in the town." The case was remanded for a decree, under the terms of which Carleton E. Turner, Helen C. Cushman and Marjorie F. Moore were appointed trustees in place of the Town of Mount Vernon. They as such trustees together with the Manufacturers National Bank are plaintiffs in the present bill.

The bill alleges that the trustees have remodeled the homestead and that it is now suitable for the purposes of a library, that the bank as trustee has in its possession approximately $29,000 as principal of the fund with approximately $10,000 to be added thereto in two separate sums on the death of two life tenants. The prayer is that the court will construe and interpret the will, and that it will in particular determine whether the trustees "are entitled to use the income from such fund for the necessary expenses involved in equipping and operating the proposed library, or are confined to using such income solely for the repairing of said building and the purchase of books."

The sitting justice sustained the bill and entered a decree to the following effect:

"That the trust provisions under consideration are interpreted as sufficiently broad to permit the trustees to

use the net income of the trust fund for all necessary purposes in the maintenance and operation of the public library, and thus effectuate the beneficent and charitable purpose of the testator."

From this decree the defendant has appealed.

From the findings of the sitting justice it is apparent that he regarded this as a proper case in which to apply the doctrine of *cy pres*. To justify the application of the doctrine of *cy pres* it must appear that the original purpose of the testator as set forth in his will cannot be carried out. *Doyle* v. *Whalen*, 87 Me., 414, 32 A. 1022, 31 L. R. A. 118; *Allen* v. *Nasson Institute*, 107 Me., 120, 77 A. 638; *Snow and Clifford* v. *The President and Trustees of Bowdoin College, et als*, 133 Me., 195, 175 A., 268. The bill in the instant case does not allege that the purpose of the testator has failed and the record contains no evidence to show that it has. In fact all that the sitting justice has found is that the trust is "likely to fail." The bill seeks an interpretation of the first clause of the will which to us seems perfectly clear. The income of the fund is to be used "in keeping the buildings in repair and purchasing suitable books for the library." To read into this language an authorization to the trustee to use the income of the fund for general maintenance would be to make a will, not to interpret one. This the court cannot do. *Allen* v. *Nasson Institute*, supra, 123. In the absence of allegation and proof that there are no funds for the operation of the library and that none can be procured, and that accordingly the gift of the testator must fail, there is no basis on which the court can invoke the rule of *cy pres*.

The appeal in this case must be sustained and the case remanded to the sitting justice for a decree dismissing the bill without costs. The plaintiffs should not, however, be precluded from bringing another bill, if they can show proper grounds therefor whether under the rule of *cy pres* or in accordance with the doctrine approved in *Porter v. Porter*, 138

Me., 1, 20 A. (2d), 465, or under any other principle justifying intervention by equity. To this end the bill should be dismissed without prejudice.

*So Ordered.*