L. D. RICE, TRUSTEE OF THE ESTATE OF SIMEON S. JOBE, DECEASED, RESPONDENT, v. C. C. HAWLEY, WALTER PAYNE AND LEWIS HAMMER, TRUSTEES OF ODD FELLOWS LODGE No. 85, NEOSHO, NEWTON COUNTY, MISSOURI, APPELLANTS, AND THE UNKNOWN HEIRS OF SARAH H. JOBE, DECEASED, OF JAMES M. JOBE, DECEASED, OF HESTER JOBE SEELEY, DECEASED, OF AMANDA C. DODDS, DECEASED, OF JERUSHA RALSTON, DECEASED, DEFENDANTS.—203 S. W. (2d) 158.

L. D. RICE, TRUSTEE OF THE ESTATE OF SIMEON S. JOBE, DECEASED, RESPONDENT, v. C. C. HAWLEY, ET AL., TRUSTEES, ETC., DEFENDANTS, THE UNKNOWN HEIRS OF JAMES M. JOBE, ET AL., DECEASED, APPELLANTS, AND THE UNKNOWN HEIRS OF SARAH M. JOBE, ET. AL., DECEASED, DEFENDANTS.—203 S. W. (2d) 158.

Springfield Court of Appeals.   May 9, 1947.

Motion for Rehearing or to Transfer to Supreme Court denied June 10, 1947.

*Thomas A. Johnson* and *Leo H. Johnson* for appellants.

904

*Paul E. Carver* for appellants.

■■■■■■■■

*Thomas A. Johnson & Leo H. Johnson* for appellants and *C. C. Hawley, et al.*

*Paul E. Carter* for appellants, The Unknown Heirs of James M. Jobe, Deceased, et al., and *Rice & Rice* for respondent.

■■■■■■■■

■■■■■■■■

BLAIR, J.—By order of this Court, pursuant to an agreement of counsel, the above two cases were consolidated and submitted to this Court on briefs. Such consolidation was well justified, since the two numbered cases have come to this Court by two separate appeals from the same judgment below.

The case before the Newton County Circuit Court was a suit by L. D. Rice, trustee of what was left of the estate of Simeon S. Jobe, who had died testate some twenty-one years before this suit was instituted against the trustees of Independent Order of Odd Fellows Lodge No. 85, of Neosho, Missouri, and the unknown heirs, etc., of certain persons named in the petition. Service by publication was had upon such unknown defendants, who were heirs, etc., of deceased persons, as named in said will, and service was had upon the trustees of said lodge. The trustees of said lodge filed an answer. Certain alleged heirs appeared and filed pleadings.

Before proceeding further, it would be well to set out the will of Simeon S. Jobe, deceased, as attached to the petition of plaintiff, to-wit:

—WILL—

"I, Simeon S. Jobe, of Neosho, Missouri, Newton County, being of sound mind and memory do publish and declare this to be my last will and Testament, as follows:

"Item 1.

"I desire that all my just debts and funeral expenses be paid first out of my estate and the expenses of my last sickness.

"Item 2.

"I give and bequeath to my sister Hester Jobe Seeley the sum of One Dollar, to my brother James M. Jobe the sum of One Dollar to be paid out of my estate.

"Item 3.

"I give and bequeath to my wife Sarah M. Jobe the property where we live situate in Neosho, Missouri, consisting of a four room house and three lots, as her absolute property, and for use and benefit and

she may dispose of same if she desires to do so and the household goods therein.

"Item 4.

"I give and devise to Jerusha Ralston the sum of $500.00 Five Hundred and no/100 in cash and the sum of Fifty Dollars in cash for taking care of me during my last sickness to be paid out of my estate, this $500.00 to be used in paying off a debt she owes on her home, and shall be paid as soon as possible after my death.

"Item 5.

"I give and bequeath all the remainder of my personal property of whatever nature and kind, that is the income from same, consisting of money in bonds to my wife Sarah M. Jobe, Amanda C. Dodds and Jerusha C. Ralston. The income shall be paid to them in equal shares one third each of said income, by the executor and trustee hereinafter named, annually, and the remainder of said income after the death of my said wife shall be paid to said Amanda C. Dodds and Jerusha Ralston, annually, but in the case of the death of either then survivor or suvivors of them shall receive amount of said income annually so long as they live, and the remainder after the death of said named then all shall go to the trustees of Odd Fellows Lodge No. 85 of Neosho, Mo. for the purpose of building a hospital in the City of Neosho, Mo. They shall first raise a like amount of money that they receive from me before they shall receive the amount or remainder left them by me and said hospital shall cost not less than $25,000.00 said bonds shall not be cashed until the death of my wife.

"Item 6.

"I hereby appoint as executors and trustees of my last will and testament, they to give bond in the performance of their duties and request that W. E. SIMS act as executor and M. T. Rice act as trustee, and that they see after the bequest to the I.O.O.F. Lodge and that they be required to raise a like amount as left them as shown by the executor and trustee named.

"Item 7.

"In Witness whereof I have hereunto set my hand and seal this 21 day of February, 1924.

"Simeon S. Jobe.

"The foregoing instrument was on the above date consisting of two sheets of paper, was signed sealed and delivered by said Simeon S. Jobe to be his last Will and Testament and in the presence of us and at his request and in his presence and in the presence of each other, have subscribed our names as witnesses.

"J. P. Wolfenbarger, Neosho, Mo.

"W. M. Lamphier, Neosho, Mo.

908

"FILED:
AUG 7, 1945
Glenn Morgan
Circuit Clerk,
Newton County, Mo."

It is only Item 5 of the will that is really in dispute in this case. It appears that plaintiff was successor trustee and not the trustee originally named in the will.

The law suit really seems to have been, or to have become, a suit between the trustees of said lodge and other persons unknown when the petition was filed. The only concern of Mr. Rice, the trustee, was to ascertain to whom he could safely pay the money then in his hands as such trustee, and thereafter could be discharged.

We need not concern ourselves about what took place in the past, for all the persons named in the will have long since passed away.

A separate answer was filed by persons claiming to have been the heirs, etc., of Sarah M. Jobe, the wife of testator, and herself long ago deceased; but, as such alleged heirs, etc., did not appeal from the judgment below, we need notice their claims no further, and such defendants will not be referred to again.

The real controversy is between the trustees of said lodge and those persons claiming to be the heirs, etc., of testator himself, and, as appears largely from the evidence, through a brother and sister of testator, to-wit, James M. Jobe and Hester Jobe Seeley.

The trustees of the lodge contended that they had complied with the will of the testator by depositing with the clerk of the court a sum equivalent to the remainder of said estate in plaintiff's hands, without showing that such lodge or its trustees had erected, or could erect, a $25,000.00 hospital at Neosho, Missouri, as specified in such will.

The persons claiming to be the heirs, etc., of Simeon S. Jobe, the testator, contended that the defendant trustees had not complied with said will, merely by depositing with the clerk of the trial court an amount equivalent to that left in said estate and in the hands of the plaintiff. They contended that the trustees of said lodge must have gone further and must have erected, or cause to have been erected, the hospital mentioned in such will; and therefore that the balance of the estate reverted to such persons, as the heirs, etc., of Simeon S. Jobe, the testator.

It will be well, at this time, to set out in full the judgment of the trial court, as it appears in the transcript, to-wit:

"Judgment and decree finding defendant trustees of IOOF Lodge No. 85, to be entitled to the balance on hands held by present trustee, L. D. Rice in the sum of $5252.95, less attorney fee in the sum of $250.00 and cost and L. D. Rice ordered to pay said balance to the clerk of this Court, and upon payment of said amount to be dis-

charged as trustee of said estate. Clerk ordered to pay to defendant trustees of said lodge the amount left upon condition they enter into bond in the sum of $5000 conditioned that they will use said funds for the purpose set out in the will in the building and construction of a hospital costing not less than $25000; that said trustees are appointed by the court as trustees to receive said amount and to properly carry out the purpose of the charitable trust under the provisions of the will, and to properly account for the funds; to file their annual report as trustees until they are finally discharged by order of court.''

The trustees of said lodge appear to be satisfied with the judgment and decree ''finding defendant trustees of IOOF Lodge No. 85, to be entitled to the balance on hands held by present trustee, L. D. Rice in the sum of $5252.95,'' but complain of that part of the judgment and decree which provided for an attorney's fee of $250.00 for plaintiff, together with the costs of suit, and the condition that such trustees of said lodge should enter into a $5000 bond ''conditioned that they will use said funds for the purpose set out in the will in the building and construction of a hospital costing not less than $25000.'' Such trustee also complain of the requirements in said judgment that the trustees of said lodge should be trustees of said court, and make an annual report to the trial court, ''until they are finally discharged by order of court.''

In short, without setting out the pleadings or motions for a new trial, it is the contention of those persons claiming to be heirs of Simeon S. Jobe, the testator, that said lodge, or its trustees, have not complied with such will and that the balance of the estate reverts to them as such heirs, etc. Such claim was disallowed by the trial court and such persons have appealed, without such appellants conceding that the trustees of said lodge should have a reasonable time to build such hospital, as evidently found by the trial judge.

The trustees of the lodge claimed that they have complied with the will solely by depositing in court an amount equivalent to that left in said estate, and that the trial court was not authorized to make the judgment that it did, and make such award on the conditions stated in the judgment.

We will first determine whether or not the trial court has made a proper disposition of the funds in the hands of plaintiff Rice, and, if so, the appeal of the persons claiming the balance of the estate as heirs, etc., of the testator, because of such failure to comply with the terms of the said will, and by reversion, must be disallowed.

In Item 5 of the will, testator provided that, after the death of the named persons (concerning which deaths there is no dispute) ''all shall go to the trustees of Odd Fellows Lodge No. 85 of Neosho, Missouri,'' *for the purpose* of building a hospital in the City of Neosho, Mo.'' (Italics ours.)

Standing alone, the first part of such provision might seem to have required the lodge, or the trustees thereof, only to raise an amount equivalent to that left in the estate. But that language, and in the same sentence, was followed by another provision, to-wit, "for the purpose of building a hospital in the City of Neosho, Mo."

All provisions of the will must be construed. While the trial judge made the trustees of said lodge trustees of the court, "to properly carry out the purpose of the *charitable* trust under the provisions of the will," (emphasis ours) the will not not devote the remaining funds to charity generally; but such remainder was, we feel, given to the lodge *solely* for the construction of a hospital.

This provision would seem to require the lodge, or its trustees, also to erect a hospital with the money realized from testator's estate. Probably the renunciation of the will by testator's widow, as shown by the evidence, took a greater portion of testator's estate than he contemplated, when he made the will, and testator may then have thought that the amount left in the estate would be sufficient to build such hospital, without assistance from any other source, except the lodge tiself.

It would seem that the requirement that said trustees should raise "a like amount" would have been entirely unnecessary, if testator meant that the trustees of said lodge could receive whatever was left in such estate before they built or contracted for a hospital in Neosho, Missouri, costing not less than $25,000.

The least that we can say from all the language used by testator was whatever the trustees of said lodge received from said estate, with an equivalent amount raised by said lodge, should be applied on a hospital in Neosho, Missouri, to cost not less than $25,000. Such remainder was not a gift to charity generally, but was for a specific purpose.

This conclusion would seem entirely to dispose of the conention of the alleged heirs, etc., of Simeon S. Jobe, that said legacy had lapsed, without giving the lodge a reasonable time to construct said hospital, and would necessarily result in our holding that such heirs, etc., would have no claim to the remainder of said estate, before such reasonable time, to be fixed by the trial court, has elapsed.

It seems to us that it is the proper construction of said will to say that what the trustees of said lodge had to do to get such remainder of such estate in their hands would be, not only to raise an amount equivalent to such remainder, but also to apply that amount on a hospital, within a reasonable time. To receive what is left of such estate does not end the obligation of said lodge, or its trustees. They must not only raise an amount equivalent to the remainder of testator's estate, but they must see that such remainder and an equal amount are applied to the erection of a hospital in Neosho, Missouri, to cost not less than $25,000.

Upon the building, or at the very least the assumed building, of such hospital, the trustees of said lodge will be entitled to the remainder of testator's estate. If said trustees do not care, 'or are unable, to apply such remainder to such hospital, the lodge and its trustees have no right to receive the remainder of testator's estate, and such remainder should stay, as an undisposed of part of testator's estate, subject to the then claim of testator's heirs and the later order of the trial court.

Becoming satisfied that the lodge, or its trustees, never, or within a reasonable time, would erect a hospital, costing not less than $25,000, some one or some court should have the right to say that such legacy to said lodge has lapsed and such remainder should then go to the heirs, etc., of Simeon S. Jobe. Until the remainder of testator's estate, matched by the equivalent amount to be raised by said lodge, or its trustees, is applied to such hospital, the trustees of said lodge would have no right whatever to receive such remainder. Who is more competent to require that such remainder be so applied, than the trial judge?

The trial court required, as a condition to such trustees of said lodge receiving such remainder, that they should give a bond in the sum of $5,000.00 (about equal to what they would have received from the estate) to erect such hospital costing not less than $25,000.00. In the absence of such bond, there would have been nothing to prevent the lodge, or its trustees, from receiving such remainder, and, in the future, failing to construct such hospital. We do not mean to say that the lodge, or its trustees, would so fail; but the circuit court and this Court must protect the rights of the heirs of the estate of Simeon S. Jobe, deceased, in case the use of such remainder, as contemplated by the testator, should, for any reason, not be made within a reasonable time. This is for the trial court to determine.

As we understand the record, the attorney for plaintiff was allowed the sum of $250.00, and the trustees of the lodge were required to pay the costs of the suit, both payable out of the remainder of such estate in plaintiff's hands. Such allowances seems to us to have been entirely reasonable, when it is considered that the plaintiff had some doubt in his mind as to the proper disposition of such remainder and felt that he should file this suit and get the direction of the trial court as to such disposition, rather than to rely upon his own judgment. The value of the drafting of the original petition and his appearance in court was a matter largely in the discretion of the trial judge, and we feel that such allowance should not be disturbed. We cannot say that the previous allowance to the plaintiff trustee or his attorney was excessive. We have no means of knowing what such allowance was for. It may have been well earned. The ruling as to costs was also for the circuit judge, for the same reasons, and should not be disturbed.

The trustees of the lodge complain bitterly that they were required to give bond, not only for the money received, but for the erection of a hospital to cost not less than $25,000.00. Such trustees and said lodge have this matter largely within their own hands. The lodge and its trustees can dispense with the premium on such bond at any time they come into court and satisfy the trial judge that they have applied the remainder of said estate in the manner plainly intended by testator, or state that they cannot do so. Unless they apply the remainder of said estate in the manner intended by testator, they have no right to receive any part of such remainder. The trial judge very properly required such bond to protect the heirs, etc., of Simeon S. Jobe, deceased, in case such remainder should ever revert to them.

Nor can the trustees of said lodge properly complain of the action of the trial court in making them trustees of the court and requiring reports from them, from time to time, as to the disposition of the funds received from testator's estate.

It is our conclusion that the appeal of the alleged heirs of Simeon S. Jobe, the testator, was *premature* and that such appeal should be dismissed, for that reason alone. If the trustees of the lodge fail to use the remainder of such estate in the manner intended by testator, such remainder should then revert to the estate of testator. It will be time enough for the heirs, etc., of Simeon S. Jobe, deceased, to assert any claims they may then have. We feel that, at this time, they have no proper claim and their intervening petition and appeal should be dismissed, on the ground that their present claim is premature.

We have carefully read the brief of the trustees of the lodge. The case of Lyter v. Vestal, 196 S. W. (2d) 769, decided by the Supreme Court September 9, 1946, and not yet officially reported, merely holds that, "the prime rule of construction (of a will) is that a court, without attempting to make a new will or an equitable distribution of the estate, must confine its endeavors to ascertaining the real intent of the testator." We are utterly unable to see how that case detracts in any manner from what we have previously said. Taking the will of Simeon S. Jobe, as a whole, we are unable to see how any other conclusion can be reached, other than that he intended to have the lodge receive the remainder of his estate, only on the condition that such remainder should be used for the construction of a hospital. It was given to the lodge for no other purpose. We would certainly violate the rule laid down in Lyter v. Vestal, *supra,* if we gave the will any other construction. The same may be said of Brookings v Mississippi Valley Trust Co., 196 S. W. (2d) 775, which also has been carefully studied.

While the trial judge said in his findings of fact, that "the court is of the opinion it would be justified in rendering a judgment on the pleadings," there is nothing in the record to show that any other judgment than the one given, would have been rendered, even on the pleadings. The will was set out in full in plaintiff's petition, but such

will, when properly construed, did not give the trustees of the lodge the right to receive the remainder of the estate, except by depositing in court an equivalent sum toward a hospital and thereupon to build a hospital. The judgment arrived at was solely based on construction of the will, and it makes little difference whether the motion for judgment on the pleadings was sustained or not. If the trial judge had looked at the will only, as set out in the petition, we cannot say that any different judgment would have been rendered. We must disallow the contention of the trustees of said lodge that their motion for judgment on the pleadings should have been sustained or that the trial court committed reversible error in refusing such motion. [Loveland v. Davenport, 188 S. W. (2d) 850, 1. c. 852.]

We are unable to understand why appellant trustees of the lodge cited Section 3528, Revised Statute Missouri 1939. That section authorizes the circuit court to require bond of trustees, "unless the will, . . . . creating such trust, shall in express terms, dispense with security." The trial court well found the trustees of the lodge to be trustees of the court, in order to see that the terms of the will were carried out, and properly found that the remainder of the estate should not be turned over to the trustees of the lodge, unless such remainder was applied to the erection of a hospital; and, because such will did not, in terms, express or otherwise, "dispense with security" such circuit court had the right—and we might well say, the duty—to require such trustees of said lodge to give security before turning over the remainder of said estate to them as trustees of the court.

Because plaintiff, or intervening plaintiffs, did not ask for such security, under Section 3529, Revised Statutes Missouri 1939, is no reason why the circuit court, on its own motion, should not require such security. Nor is there any basis for holding the action of the trial court invalid under Sections 3530 and 3531, Revised Statutes Missouri 1939, all of which are cited by appellant trustees of said lodge. Nor is there anything in Yore v. Crow, 90 Mo. App. 562, 1. c. 565, to the contrary.

Appellant trustees of the lodge cited a number of cases on the proposition that attorneys' fees and costs should not be allowed, when "litigants have attempted to disturb the trust estate." In the first place, the trial court has not found that a charitable trust generally was created as to the remainder of testator's estate. The trial court found, and we think rightly so, that the remainder of such estate was given to the lodge only on the condition that such remainder be used toward a hospital. The trial court evidently found that such gift was not a gift absolutely, but was conditional. The plaintiff was not seeking to disturb such trust, but to protect himself by having the trial court tell him how to dispose of such remainder, and, in so doing, rightly appealed to the circuit court.

We do not believe that it can rightly be maintained that the gift of the remainder of testator's estate was for charity alone, or generally, as contended for by appellant trustees, although the trial court may have said it constituted a charitable trust. The gift of testator was not for general charity, but was for a specific purpose—the erection of a hospital. The gift was not for the general purpose of hospitalization, but it was for the erection of a particular hospital building, and the devise to the trustees of the lodge was not a charitable trust generally, and the trial court had the right to require a bond, in order to see that the gift was so applied. This renders valueless the citation of the cases of Buchanan v. Kennard, 234 Mo. 117, and Catron v. Scarritt Collegiate Institute, 264 Mo. 713, which we have examined.

The first paragraph of the syllabus in Catron v. Scarritt Collegiate Institute, *supra,* is as follows:

"Where no condition subsequent was annexed to the grant, and the deed in its entirety and the circumstances attending its execution demonstrate that no reversion was intended upon the subsequent happening of a lawful condition, a deed of gift vesting the title in fee cannot be uprooted, and the fee will not revert to the grantor or his heirs."

The gift here was not unconditional. Nothing which we have held, is anywise contrary to the Catron case, or any other case, which we have examined.

We could go on indefinitely to show that all of the cases cited by appellant trustees do not apply to the facts in this case, which, we think, the trial court has so fully and correctly determined. Those cases are all bottomed on the creation in the will or other instrument of a charitable trust generally, and we do not think that testator created that sort of trust by the language he used, and that, if the remainder of his estate is not so used within a reasonable time, it should revert to his estate.

The appeal of the heirs of testator is dismissed and the judgment of the trial court, as to the trustees of the lodge, is affirmed; but, because said court may be called upon later to determine whether or not the lodge or its trustees have complied with such will, the cause is ramended to the circuit court, with instructions to that court to retain jurisdiction of the case and to make such orders in such case, from time to time, as it may then be advised.

It is so ordered. *Fulbright, P. J.,* and *Vandeventer, J.,* concur.