**J. Gleason PERRY et al.**

**v.**

**TOWN OF FRIENDSHIP et al.**

Supreme Judicial Court of Maine.

Jan. 10, 1968.

David A. Nichols, Camden, for appellants.

Christy C. Adams, Jerome C. Burrows, Rockland, for appellees.

Before WILLIAMSON, C. J., and WEBBER, TAPLEY, MARDEN, and WEATHERBEE, JJ.

WEBBER, Justice.

Florence P. Hahn, late of Friendship, died in 1957. Her will allowed in 1958, bequeathed and devised her residuary estate "to the Town of Friendship, Maine, to be added to the Community Building Fund and to be used for the erection and maintenance of a Community Building for the Town of Friendship, Maine." The will further stated: "It is my wish that a plaque of some kind be placed in the building in memory of my late husband, Doctor William H. Hahn."

Pursuant to an article in a warrant for the annual town meeting held March 17, 1959 "to see if the Town will vote to accept the property which includes house, barn, and land situate between the Baptist Church and the Bradfords Point Road, bequeathed to the Town by the will of the late Florence P. Hahn," the Town voted "to accept the property * * *." (then followed the precise words of the article). The executor of the Hahn will did not send written notice of the proposed trust to the Town, nor did the Town send to the executor written notice of its acceptance At some time prior to January 12, 1965, the exact date not being disclosed by the record, the Hahn property which included stocks and bonds came into the hands of the Town. On March 17, 1964 the Town voted to institute proceedings in the Probate Court to seek a construction of the will and a determination as to whether the Hahn funds could be used to improve the existing library and town hall or must be used to erect a new community building. On February 18, 1965 a petition was filed in the Knox County Probate Court to ob-

tain a construction of the will, which proceeding is still pending. The Hahn funds have not been commingled with the general funds of the Town and the fund has appreciated by the addition of income. The Town has not erected a community building and has not as yet developed plans for such a project.

The plaintiffs are the heirs at law of the testatrix. The defendants are the Town of Friendship and the executor. Having obtained from the defendants answers to interrogatories which elicited the facts above narrated, the plaintiffs moved for summary judgment upon the theory that the testamentary gift to the Town had never been legally accepted and in any event had wholly failed so that the Hahn funds should be impressed with a resulting trust for the benefit of the plaintiffs.

The justice below denied the plaintiffs' motion. Although no similar cross-motion was filed by defendants, the justice on his own motion and pursuant to M.R.C.P. Rule 56(c) ordered judgment for the defendants and dismissed the plaintiffs' action without costs. Plaintiffs appeal asserting error as to both aspects of the judgment.

■ We are in accord with the finding below that the Hahn will created a trust for an express and limited charitable purpose, "the erection and maintenance of a Community Building" in which her late husband would be suitably memorialized. Manufacturers National Bank v. Woodward (1941) 138 Me. 70, 21 A.2d 705; Manufacturers National Bank v. Woodward (1944) 141 Me. 28, 38 A.2d 657; see Bills v. Pease (1917) 116 Me. 98, 100 A. 146 (charity defined to include "erecting or maintaining public buildings or works"); Estate of Clark (1932) 131 Me. 105, 159 A. 500; First Universalist Soc., Bath v. Swett et al. (1952) 148 Me. 142, 90 A.2d 812.

30 M.R.S.A. Sec. 1903 provides for the acceptance by municipalities of such trusts.

"1. Acceptance or rejection. When the municipal officers receive written notice from a prospective donor or his representative of a proposed trust, they shall submit the matter at the next meeting of the legislative body and shall within 10 days after the meeting send written notice of its acceptance or rejection."

Plaintiffs say that the written notices required by statute were not given, and further that the article in the warrant for the meeting at which purported acceptance was voted was inadequate to ground a legal and binding municipal action.

■ The statute provides a method by which an executor or administrator can compel determinative action by the municipality named as trustee. We need not consider here what the result might be if such representative initiated the action and the municipality thereafter failed seasonably to comply with the statute. We hold that where, as here, the municipality obtains knowledge of the trust in some manner and takes action thereon, there is no failure of the trust such as to cause a reverter to the heirs. Our court has held that a charitable trust would not be permitted to fail for want of a trustee, and if necessary to preserve the trust, the court will appoint a substitute trustee. Manufacturers National Bank v. Woodward (1941) 138 Me. 70, 21 A.2d 705.

The article in the warrant made reference to "the will of the late Florence P. Hahn." The applicable statute is 30 M.R.S.A. Sec. 2052.

"2. Business to be acted upon. It (the warrant) shall state in distinct articles the business to be acted upon at the meeting, and no other business may be acted upon."

The rule was clearly stated in Austin & Blaisdell v. Inhabs. of York (1869) 57 Me. 304, 305 in these terms: "The object of the statute is to secure to the inhabitants of the town, previous intelligible notice of the subjects to be acted upon; and when this is substantially done, the requirement of the statute is complied with."

In the instant case the voters were alerted by the warrant to the fact that the testatrix had made a testamentary provision in favor of the Town and that they were called to vote acceptance or rejection of that provision. The general subject matter having been stated, it was not necessary to include in the article the precise testamentary language employed. The subject was before the meeting for inquiry, debate and action. Belfast & Moosehead Lake Railway Co. v. Inhabs. of Brooks (1872) 60 Me. 568.

■ Plaintiffs contend that even if there was a valid acceptance of the trust by the Town of Friendship, seven years have elapsed with nothing done and the trust must be deemed to have wholly failed. In so saying, however, they relate the commencement of the period for action to the allowance of the will of the testatrix by the Probate Court on March 18, 1958. This is not the proper starting date from which to determine a reasonable time for action by the trustee. The court must ascertain when the trust fund actually came into the hands of the trustee and actually became available to carry out the terms of the trust. This material fact is nowhere disclosed by the present record. We are informed only that the corpus of the trust was in the hands of the trustee sometime before January 12, 1965. The complaint is dated March 23, 1965. In determining what is a reasonable time for implementing a charitable trust, the court must determine what period has elapsed between the date when the fund came into the hands of the trustee and the date when action was instituted to compel a forfeiture. Allebach v. City of Friend (1929) 118 Neb. 781, 226 N.W. 440 (holding somewhat more than four years not unreasonable). "What is a reasonable time would, of course, depend upon the facts surrounding the immediate case." Marble v. City of Tecumseh (1919) 103 Neb. 625, 173 N.W. 581, 582 (distinguished on other grounds in Allebach, supra). The same

principle was applied in Nolfe v. Byrne (1920) 142 Tenn. 309, 219 S.W. 1.

30 M.R.S.A. Sec. 1903 provides for reverter in these terms:

"3. Revert to donor. If the municipality fails to comply with the terms of the trust instrument, the trust fund reverts to the donor or his heirs."

The statute must be construed as permitting a reasonable time for compliance. The court in Rohlff v. German Old People's Home (1943) 143 Neb. 636, 10 N.W.2d 686, 691, adopted the rule as expressed in 14 C.J.S. Charities § 44, p. 497, as follows: "Where no particular time is mentioned for the performance of a condition attached to a charitable grant, devise, or bequest, the law requires *that it should be done in a reasonable time, to be determined from all the surrounding circumstances,* and unreasonable delay may be considered as a refusal of the gift." (Emphasis ours.) Mass. Inst. of Technology v. Attorney Gen'l. (1920) 235 Mass. 288, 126 N.E. 521. The rule applicable to charitable trusts is in this respect the same as that applicable to conditional gifts. See White v. Corinthian Lodge, F. & A. M. (1956) 100 N.H. 138, 121 A.2d 795, 798. See also Rice v. Hawley (1947) 239 Mo.App. 901, 203 S.W.2d 158; In Re De Bancourt's Estate (1937) 279 Mich. 518, 272 N.W. 891, 10 A.L.R. 1346 (equating "reasonable time" with the period fixed for the running of the Statute of Limitations).

■ Where, as here, a trust is created for a narrow and limited charitable purpose so that the doctrine of cy pres is not applicable, the settlor or his successors in interest may become entitled to the property on a resulting trust theory. Such reverter may occur when it appears that the trust fund cannot be or after the lapse of a reasonable time has not been applied by the donee to the charitable use specified by the donor. The rationale for such forfeiture is stated in Bogert, Trusts and Trustees, Ch. 21, Sec. 418, Page 370 in

these terms: "Here there is implicit in his narrow charitable trust intent a desire that, if the execution of such limited purpose ever becomes impossible, the property shall not be retained by the trustees for their own benefit or for some allied purpose, but shall be returned to the donor or his successors." See Grigson et al. v. Harding, et al. (1958) 154 Me. 146, 144 A.2d 870.

■ The justice below properly concluded that upon the record before him the plaintiffs were not entitled to summary judgment. We cannot agree, however, that plaintiffs were necessarily out of court without further hearing on the merits. M.R.C.P. Rule 56(c) includes this sentence: "Summary judgment, when appropriate, may be rendered against the moving party." Field & McKusick, Maine Civil Practice, Page 468, commenting on this provision in Sec. 56.9 say, "In other words a cross-motion, although permissible, is not necessary in order for judgment to be given for the party opposing the original motion. Since the object is to avoid trial when the facts are thoroughly explored and no genuine issue found, the provision is a sensible one. But it must be fairly administered. The moving party concedes the absence of a factual issue only for purposes of his own motion. Thus a defendant moving for summary judgment on a ground which fails is not to have judgment rendered for the plaintiff when there is a factual issue as to other defenses." So in this case, although the plaintiffs have not as yet produced enough to justify summary judgment in their favor, no more have the defendants. The court must know when these funds came into the hands of the trustee and what are all of the surrounding circumstances. If a reasonable time has not already elapsed, what plans are there for carrying out the wishes of the testatrix and do they have reasonable assurance of success within a reasonable time? The court now has jurisdiction of the parties and the trust funds and should not leave the case in such

posture that the trustee can hold the fund indefinitely in suspended animation. We cannot determine upon this record whether or not the trust has as yet failed, or whether or not the charitable purpose declared by the testatrix can and will be accomplished.

Appeal sustained.

Remanded for further proceedings not inconsistent with this opinion.

DUFRESNE, J., did not sit.