**ESTATE OF Frank A. CHAMPLIN.**

Supreme Judicial Court of Maine.

Argued Sept. 3, 1996.

Decided Oct. 29, 1996.

Waldemar Buschmann (orally), Weeks & Hutchins, Waterville, A.V. Federle, Jr., City Solicitor, Waterville, for Appellant.

Dennis J. O'Donovan (orally), McCandless & Hunt, Portland, for Appellees.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, RUDMAN, and LIPEZ, JJ.

ROBERTS, Justice.

The City of Waterville appeals from a judgment entered in the Superior Court (Cumberland County, *Mills, J.*) in favor of Henry D. Burrage, Thomas G. Burrage, Frederick R. Burrage, and Ann M. Laughlin (collectively the Burrage Family) in an action by successor trustee Fleet Bank of Maine to interpret a will and distribute trust property. The court held that the City had failed to meet the requirements of the trust within a reasonable time. On appeal the City argues that the will created a new trust with the City of Waterville as trustee, and therefore a reasonable time must be measured from when the City actually gains possession of the trust assets, an event that has yet to occur. We affirm the judgment.

The facts relevant to this appeal are not in dispute. Frank A. Champlin died in 1929 leaving a trust providing, among other things, funds for a school to be named for his parents, James and Mary Champlin. Article Fourth of Frank Champlin's will provides:

Fourth: I give, devise and bequeath all the rest, residue and remainder of my estate and effects ... as follows: viz: one-half thereof to my nephew, Thomas J. Burrage ...; and one-half thereof to said Lee, Higginson Trust Company upon the following trusts and uses, viz: to invest the same in shares of stock of General Electric Company or Bell Telephone Company, or both, and to pay the net income thereof to my nephew, Champlin Burrage ... and his wife, in equal shares during their joint lives, and to the survivor for life, and upon the death of the survivor to pay over the principal to the City of Waterville, Maine, the same to be used in building a public school building to be known as the "James Tift Champlin and Mary A. Champlin School." If said City of Waterville shall decline to accept said gift or fail to erect said building, I give, devise and bequeath said principal to said Thomas J. Burrage, [sic]

I direct that no bond shall be required of said Trustee.

In 1930 the City voted to accept the bequest and notified the trustee and executors of the will.

The income beneficiaries of the trust, Champlin Burrage and his wife, Florence D. Burrage, died in 1951 and 1956, respectively. In 1957 a successor trustee informed the City

of the death of the remaining income beneficiary and of the City's contingent remainder interest in the trust. At that time the City once again voted to accept the bequest. After the City notified the trustee of its acceptance, a disagreement arose between the City and the trustee with regard to the meaning of the Champlin will. Sporadic correspondence between the City and the trustee during the following decade outlined the parties' positions. The City asserted it was entitled to immediate possession of the trust, while the trustee sought the City's plans for construction of the school, contending the City must first comply with the requirements of the will before the trust assets would be transferred to the City. The trustee stated if the City failed to meet the provisions of the will within a reasonable time the trust assets would be turned over to Thomas J. Burrage as provided in the will.

On at least three occasions between 1960 and 1968, successive trustees and the City considered seeking court construction of the will, but no action was taken until 1995 when the current trustee sought instruction from the court. Fleet Bank brought this action in the Cumberland County Probate Court (*Childs, J.*) for interpretation of the will and distribution of the trust property, then valued at $173,690.84. The case was removed to the Superior Court pursuant to M.R.Prob.P. 71A. At the nonjury trial, the parties submitted a stipulation of facts and list of documentary exhibits. The court held that the City had failed to meet the requirements of the trust within a reasonable time and ordered Fleet Bank to terminate the trust and distribute the trust assets to the Burrage Family according to the conditional stipulation of the parties. The City appeals.

The City contends the court erred in determining, on termination of the life interest in the trust, that Article Fourth of the will did not create a new trust with the City as trustee. The City argues the testator intended the City to be trustee of the corpus, and if the City declined to accept the gift or failed to build the named school, the City would be under a fiduciary duty to transmit the principal to the alternate remainderman, Thomas J. Burrage. We conclude the court

correctly found that the testator did not intend to create a new trust for which the City would be trustee; instead, the bequest was made on condition the City accept the gift and build the school.

■■■ The intent of the testator, determined from the will as a whole, guides interpretation of the will. *See, e.g., Lord v. Society for the Preservation of New England Antiquities, Inc.,* 639 A.2d 623, 624 (Me. 1994); *cf. In re Estate of Thompson,* 414 A.2d 881, 887 (Me.1980) (previous judicial decisions interpreting wills lack authority usually accorded precedents and it is unsafe and unjust to interpret the will of one person by the dubious light of the construction given by a court to the will of another). "All parts of the will are construed in relation to each other and apparently repugnant portions of a will must be reconciled if possible by considering the will in its entirety and as an expression of consistent intents." *Estate of Sweet,* 519 A.2d 1260, 1264 (Me.1987) (citing *Whicher v. Abbott,* 449 A.2d 353, 355 (Me. 1982), and *Thaxter v. Fry,* 222 A.2d 686, 690 (Me.1966)).

The clause in Article Fourth that mentions the City states, "upon the death of the [income beneficiaries] to pay over the principal to the City ..., the same to be used in building a public school ... to be known as the 'James Tift Champlin and Mary A. Champlin School.'" The City argues this statement shows the testator's intention unambiguously and is susceptible to only one meaning: On the termination of the life interest in the trust income, the trustee had nothing left to do except pay over the principal of the trust to the City. Review of the entire will, however, provides a different conclusion of the overall intention of the testator.

First, the clause regarding the City is followed immediately by a sentence that places two conditions on the bequest and provides an alternate remainderman on the failure of either condition. Second, every transfer of trust principal in the will, except for the transfer claimed by the City in Article Fourth, is preceded by language such as "give and bequeath" or "give, devise and bequeath." Third, fairly specific instructions

regarding management of the trust assets are provided to each trustee named in the will; no specific investment instructions, however, are provided to the City. Fourth, if Article Fourth of the will created two trustees, as the City claims, the meaning of the last line of Article Fourth—"I direct that no bond shall be required of said Trustee"— would be ambiguous. If the testator had intended the City to become a trustee, the word trustee should be plural or specific language identifying which trustee should be used. Fifth, Article Third of the will created a trust with the income eventually to be paid to the City for assistance to former Waterville public school teachers. In Article Third the testator chose to maintain a trust in possession of the original trustee, even though the City would become the income beneficiary. In light of the several other indicia of such intent, it is likely the testator intended, to the extent possible, a similar arrangement in Article Fourth. The testator did not intend to create a new trust with the City as trustee. The bequest to the City was conditioned on its acceptance and construction of the school.

 The City next argues, relying on *Perry v. Town of Friendship*, 237 A.2d 405 (Me.1968), that the gift does not fail because a reasonable time must be measured from when the City as trustee actually gains possession of the trust assets. Because we conclude the will did not name the City as trustee, we do not address this contention or comment on its merits. Nevertheless, there remains the issue whether a reasonable time has passed so that the gift to the City must fail. We have stated:

> "Where no particular time is mentioned for the performance of a condition attached to a charitable grant, devise, or bequest, the law requires that it should be done in a reasonable time, to be determined from all the surrounding circumstances, and unreasonable delay may be considered as a refusal of the gift."

*Perry*, 237 A.2d at 408 (emphasis omitted) (quoting 14 C.J.S. *Charities* § 44, at 497, now § 30, at 201 (1991)); *see also Drew v. Wakefield*, 54 Me. 291, 293–94 (1865) (whether condition precedent or subsequent, reason-able time elapsed after 11 years). In light of the City's failure to plan or construct a public school named for the Champlins, and the fact that nearly forty years has passed since the death of the last surviving income beneficiary, a reasonable amount of time has expired. *See Drew*, 54 Me. at 294 (delay of more than eleven years found unreasonable when testator left $16,000 in trust on condition it be used to build an asylum and farm school for indigent boys).

 Finally, we do not find persuasive the City's argument for the application of the doctrine of *cy pres*. The Champlin will provides a specific alternative gift to Thomas J. Burrage in the event the gift to the City failed; thus *cy pres* is not applicable. *See City of Belfast v. Goodwill Farm*, 150 Me. 17, 23, 103 A.2d 517, 520 (1954) ("*Cy pres* is not applicable where there is a specific alternative gift effective on failure of the primary charitable gift.").

We need not reach the issues raised in the cross-appeal.

The entry is:

Judgment affirmed.

All concurring.