384

CHARLOTTE E. SIMMS and Another, Plaintiffs, *v.* FOLTS MISSION INSTITUTE, Defendant.

Supreme Court, Herkimer County, December 20, 1934.

*Lee & Judson*, for the plaintiffs.

*Snyder, Cristman & Snyder*, for the defendant.

MILLER, J.   On or before the 1st day of January, 1892, Elizabeth M. Folts became the owner of a parcel of land situated on the northeast corner of the intersection of East Albany and North Washington streets in the village of Herkimer, N. Y., the property having a frontage of about 300 feet on East Albany street and about 250 feet on North Washington street.   She acquired the property from her husband, George P. Folts.

In the year 1892, and for many years prior thereto, Elizabeth M. Folts and her said husband resided and had a home on said premises, fronting on North Washington street.   In the year 1892 Elizabeth M. Folts and her said husband commenced the construction on said premises of a three-story brick building, 125 feet long and 40 feet wide.   The building fronted on North Washington street, and was finally completed in 1893.

The northwest corner of the new building adjoined and slightly abutted on the southeast corner of the said brick residence of the said Elizabeth M. Folts.   The new building was suitable for school, dormitory and institute purposes, containing a kitchen, dining room, parlor, reception rooms, lecture and class rooms, and dormitories. Some time after the construction of the institute, but more than twenty years ago, an inclosed porch or passageway was built in the rear and adjoining the Folts homestead, to connect with the northwest corner of the institute building, allowing passage from one building to the other without going out of doors.

On or about the 17th day of November, 1892, Elizabeth M. Folts and her husband, and three other persons, organized, pursuant to chapter 319 of the Laws of 1848, a corporation known as " The Folts Mission Institute," the pertinent parts of the certificate of incorporation reading as follows: " We, the undersigned persons, of full age, citizens and residents within the State of New York, desiring to associate ourselves for benevolent, educational, charitable and missionary purposes, do hereby make, sign and acknowledge this certificate in writing as follows:

" *First.* The name or title by which such association and corporation shall be known, is ' The Folts Mission Institute.'

" *Second.* The particular business and object of such association is to provide a school in the Village and County of Herkimer, in the State of New York, for educating home and foreign missionaries and deaconesses for the Methodist Episcopal Church."

The fourth paragraph of the certificate fixed the principal place of business at the said school building.

On the 10th day of January, 1893, Elizabeth M. Folts and George P. Folts conveyed the land upon which the school building was erected to the Folts Mission Institute, the parcel thus conveyed being indicated on the map, Exhibit 4, as " Parcel No. 1," and the deed is marked Exhibit No. 2. Said deed contained no reservations, conditions or restrictions.

The school was opened in 1893, and until 1927 the purpose of the founders was carried out, and young women were educated therein for the home and foreign mission fields as deaconesses of the Methodist Episcopal church, and for religious work. Other courses, such as music, kindergarten teaching, and, at times, shorthand and typewriting, were taught. Also elements of practical medicine, bookkeeping, painting and drawing and physical culture. And, after Mrs. Folts' death, courses in manual training, elocution and domestic science were offered. In the earlier years, young men were also accepted as students and given religious courses.

On the 22d day of February, 1893, Elizabeth M. Folts made her will, in which she bequeathed and devised all her personal estate and all the rest, residue and remainder of her real estate to her said husband, for life, and upon his death to pass to the Folts Mission Institute. Two codicils to her will were thereafter made, but no change was made in the disposition of her real property.

On the 9th day of June, 1894, Elizabeth M. Folts conveyed to the Folts Mission Institute the parcel of land indicated on the map as " Parcel No. 2," and the deed is marked Exhibit No. 6. This deed contained no reservations, conditions or restrictions.

On the 11th day of May, 1897, Elizabeth M. Folts conveyed to the Folts Mission Institute the brick dwelling and homestead; the premises conveyed being " Parcel No. 3 " on the map, and the deed is marked Exhibit No. 2. This deed was given " subject to the right of the said Elizabeth M. Folts and her husband George P. Folts to use such portion of said premises as either or both may desire during their lifetime and the lifetime of the survivor of them." This deed also contained the following provision: " This conveyance is given upon the condition that said property shall always be used for Mission Institute purposes in said village of Herkimer; and if at any time said party of the second part ceases to use the same for such purpose the title thereto shall revert to and reinvest in the party of the first part her heirs or assigns."

On the 19th day of April, 1898, Elizabeth M. Folts conveyed to the Folts Mission Institute the parcel of land indicated on the map as " Parcel No. 4," and the deed is marked Exhibit No. 3. In this

same deed there was also conveyed to the Folts Mission Institute two other parcels known as the " farm lands." The farm lands do not adjoin any of the parcels shown on the map. This conveyance contained the following condition: " This conveyance is given upon the express condition that said property first above mentioned and described shall always be used for Mission Institute purposes in said village of Herkimer and if at any time said party of the second part ceases to use the same for such purpose the title thereto shall revert to and reinvest in the party of the first part her heirs and assigns."

Mrs. Folts died October 3, 1898. Mr. Folts died in 1911. He made his home at the homestead after the death of his wife, but was away much of the time.

The school was continued until 1927, when, for lack of financial support, it was compelled to close, and has remained closed since. The defendant concedes, or at least does not contend, it intends to attempt to revive the school.

After the school was closed, and long after the death of Mrs. Folts, the object and business of the Folts Mission Institute, as stated in its original certificate of incorporation, was amended; the amendment being dated April 19, 1932, by adding the following clause: " And also to establish, maintain and operate a Home for the Aged, to provide for and carry on such other charitable work in connection therewith as may be necessary or convenient in carrying out the purposes of the corporation by contract or otherwise, for its maintenance and support."

It is the contention of the plaintiffs, who are the only heirs at law of Elizabeth M. Folts, deceased, that, the school having been abandoned, the conditions set forth in the two deeds, namely, the deed of the homestead, " Parcel No. 1," Exhibit No. 2, and the deed of the property containing the barn and other dwellings, " Parcel No. 4," Exhibit No. 3, have been broken, and, under the reverter clause contained in each of said deeds, the plaintiffs are entitled to recover the possession of the premises.

It is contended by the defendant:

*First*, that the conditions in the two deeds in question are void, because the grantor included the word " assigns " in the reverter clauses.

*Second*, that when Mrs. Folts made her will, on the 22d day of February, 1893, in which she devised the life use of all her real and personal property to her husband, with the remainder over to the defendant, it indicated an intention upon her part that, upon her husband's death, all her estate should pass to the defendant, and amounted to a waiver and release of the conditions contained in the two deeds in question, one, the deed of her dwelling, made in 1897,

" Parcel No. 3," Exhibit No. 2, and the other made in 1898, the premises upon which the barn and several dwellings were located, " Parcel No. 4," Exhibit No. 3. And again the nature of her dealings with her property and the defendant indicated an intent to waive the conditions contained in the two deeds. The defendant also urges that the fact that the institute building and the dwelling were connected by a porch and the manner in which the boundaries of the dwelling were run are also important factors in showing evidence of her intent.

*Third,* that the conveyances in question were subject to any amendment or enlargement of the powers and purposes of the corporation.

*Fourth,* that the school having been closed through no fault or willfulness upon the part of the defendant, the forfeiture ought not to be enforced.

Referring to the claim of defendant that the conditions in the two deeds in question are void because the grantor used the word " assigns " in the reverter clauses, no authority has been called to my attention holding that using the word " assigns " in a deed of this character makes the condition void. Mrs. Folts never attempted to assign the property, and, if she had, it would have been useless.

After the execution of these deeds, nothing remained in Mrs. Folts except the right to take advantage of a breach of the conditions subsequent. This was neither an estate nor an interest in real property nor an assignable chose in action. (*Fowler* v. *Coates,* 201 N. Y. 257, 262.) The right was not devisable or descendible. (*Upington* v. *Corrigan,* 151 N. Y. 143.)

Surely a woman of Mrs. Folts' intelligence never intended to include in the reverter clauses a word that would invalidate them, and her intention must have been that, if the property ceased to be used for the purposes intended, it should revert to her or her heirs. Apparently the word " assigns " was used inadvertently. Disregarding the word " assigns," there still remain plain and definite forfeiture clauses. It does not impress me that the use of a word that has no legal significance in the instruments should be held to to be a sufficient reason for holding the reverter clauses invalid.

If I am right in holding that the reverter clauses are valid, there is no question but that the language contained in these two deeds unmistakably state conditions upon the breach of which the grants terminate, unless the conditions have been waived or released by the acts of Mrs. Folts. (*Allen* v. *Trustees of Great Neck Free Church,* 240 App. Div. 206, and cases cited; affd., 265 N. Y. 570.) It cannot be held as a matter of law that making these provisions

in her will and her prior and subsequent conduct constitute a waiver or release of the conditions.

It is apparent that Mrs. Folts was a highly trained business woman. She had had much experience in the preparation of deeds and other instruments, and apparently knew exactly what she was doing at all times. It is impossible to find that Mrs. Folts did not thoroughly understand the effect of these conditions when she caused them to be inserted in these deeds.

All of the deeds relating to this particular property were prepared by Mr. Steele, a lawyer, residing in Herkimer. Apparently her will was prepared by him, as well as the second codicil thereto. If there were any doubt of her intention, it seems to me that the doubt must be resolved in favor of the plaintiffs, when it appears that in 1898 she conveyed " Parcel No. 4," Exhibit No. 3, and the farm lands by the same deed, making the reverter clause applicable to " Parcel No. 4," but conveying the farm lands free from any conditions.

While the authorities are uniform that conditions subsequent are not favored, yet, if the language is plain and explicit creating such a condition, it will be enforced. (*Munro* v. *Syracuse, L. S. & N. R. R. Co.*, 200 N. Y. 224, 230; *Southwick* v. *New York Christian Missionary Society*, 151 App. Div. 116, 118.)

There is no question but what the purpose of Mr. and Mrs. Folts was to establish a school for the education of missionaries and the imparting of general religious instruction. That purpose was carried out as long as the defendant was able to finance the institution. That " Mission Institute purposes," as understood and intended by Mrs. Folts, were " school purposes." This is clearly indicated by the original certificate of incorporation, the minute books, and the school catalogues. It is quite apparent that in the earlier years, at least, the defendant construed the charter to mean, and understood from the various instruments executed by Mrs. Folts, that a school must be maintained, and, if unable to do so, the institute should be closed and the property sold.

In my opinion, providing a home for the aged, while most laudable, was not the purpose contemplated by the founders of the school, or as set forth in the original certificate of incorporation. (14A C. J. p. 265, § 2105; p. 267, § 2109; p. 269, § 2119; *Pratt* v. *Short*, 79 N. Y. 437; *Talmage* v. *Pell*, 7 id. 328, 340.)

And under these authorities I do not think the amendment made to the certificate of incorporation in 1932, twenty-four years after the death of Mrs. Folts, is binding upon the plaintiffs. But, if I am wrong upon both of these propositions, more than seven years have elapsed since the school was permanently closed, and nothing of any particular moment has been accomplished in the

establishment of a home for the aged. The defendant is owing between $15,000 and $20,000, and under the evidence there is no reasonable prospect that such a home can ever be established or financed by the defendant.

Upon the proposition that, as the defendant made an honest effort to carry on the school, and that it was closed through no fault or willfulness upon its part, the forfeiture ought not to be enforced, the defendant cites *Fowler* v. *Coates* (201 N. Y. 257), and *Salamanca Trust Co.* v. *Crouse* (129 Misc. 609).

I do not think the holding in the *Coates* case is applicable here, in any event. It will be observed the court held that the plaintiff could not maintain the action, even assuming there had been a breach of the condition. It does not seem reasonable that the defendant can retain the possession of this property indefinitely, with no prospect of its being used for any purpose except providing a home for the district superintendent and his family. In the *Salamanca Trust Co. Case* (*supra*) the court points out that, if a grant contains a condition subsequent, which the grantee is unable to perform because of any interfering act of God, the fulfillment of the condition is excused.

Conceding the defendant was unable to finance the school through no particular fault of its own, such failure cannot be ascribed to an " Act of God," as that term is understood and defined. (Bouvier Law Dict. [Third Revision], vol. 1, p. 116.)

. The defendant has submitted one hundred and seventy-seven requests to find upon the facts, and fifty requests upon the law. It impresses the court that the requests made by the defendant could and should have been materially reduced. However, in view of the several questions involved, and the importance of the case, I have decided to pass upon all the requests submitted.

Judgment is directed for the plaintiff for the relief demanded in the conplaint, with costs.