RALPH W. RAMSEY, EDNA BURNHAM, JESSIE BOYD and LECTA TEVIS, heirs at law of CYNTHIA J. HENDRICKS, Deceased, for themselves and for all other heirs at law of said CYNTHIA J. HENDRICKS, Deceased, Appellants, v. CITY OF BROOKFIELD, a Municipal Corporation, and J. E. TAYLOR, Attorney General of the State of Missouri, Respondents, No. 41998—237.S. W. (2d) 143.

Division One, February 12, 1951.

Motion for Rehearing or to Transfer to Banc Overruled, March 12, 1951.

*Errol Joyce, Edwards & Hess* and *Walter A. Raymond* for appellants.

*J. E. Taylor,* Attorney General, and *Robert R. Welborn* for respondent J. E. Taylor.

*H. K. West* for respondent City of Brookfield.

[144] LOZIER, C.—This cause involves construction of the will of Cynthia J. Hendricks, deceased; and, if a charitable trust was therein created, whether the trust failed. Plaintiffs sued in equity alleging failure of the trust and praying distribution of the trust fund among Mrs. Hendricks' heirs. Defendants were the City of Brookfield and the state's attorney general. The trial judge found for defendants and plaintiffs appealed.

Mrs. Hendricks died in December, 1937, and her will was duly probated. In addition to directing payment of debts and funeral expenses, requesting that her funeral duplicate that of her deceased husband and appointing an executor, the will provided:

"Third, I have no children or descendants of children and no father or mother, no brother or sister living, that the only living relatives that I have are nieces and nephews and great nieces and nephews and it is my will that none of them benefit to the value of anything from my estate.

"Fourth, the rest residue and remainder of my estate, real personal or mixed located in Linn County, Missouri, or elsewhere I give, devise and bequeath to the City of Brookfield, Missouri, for the sole purpose of building and equipping and maintaining a City hospital. It is further my will that said hospital be located within the said City of Brookfield, Missouri, and that this bequest be used for hospital purposes and no other."

Upon final settlement of Mrs. Hendricks' estate in August, 1939, the city, by ordinance, accepted the assets constituting the residue and directed that they be placed in the custody of the city treasurer. The city treasurer set up the "Hospital (Hendricks Will Fund)." At trial time, this special fund amounted to $15,180.12.

The initial issue is whether Mrs. Hendricks created a "charitable trust" or, as urged by the city, made an absolute "charitable gift" to the city. We agree with plaintiffs that a charitable trust

was created. The language of the will is unambiguous. In devising and bequeathing the **[145]** residue of her estate to the city she imposed upon the city the obligation to use the funds for a certain charitable purpose. Her obvious intention was to create a trust for charitable purposes.

"No particular words are required to create an express trust. Not even the words trust or trustee need be used." Stephenson v. Stephenson, 351 Mo. 8, 171 SW 2d 565. Equity needs only to ascertain the intention of the creator of the trust. Thatcher v. Lewis, 335 Mo. 1130, 76 SW 2d 677. See also Davies v. Keiser, 297 Mo. 1, 246 SW 897, and Burrier v. Jones, 338 Mo. 679, 92 SW 2d 885.

Mrs. Hendricks intended that the city be a trustee only. A municipal corporation may act as trustee of a charitable trust the purpose of which is an authorized function of the municipality. 14 CJS, Charities, Sec. 33, p. 466; Restatement, Trusts, Sec. 378, p. 1170; Barkley v. Donnelly, 112 Mo. 561, 19 SW 305; and Chambers v. City of St. Louis, 29 Mo. 543. See also Anno. 10 ALR 1368. Hospital purposes are charitable purposes. 10 Am. Jur., Charities, Sec. 46, p. 617; and Anno. 10 ALR l. c. 1376. A trust for a hospital is a charitable trust. Restatement, Trusts, Sec. 372, comment *a*, p. 1151; Buchanan v. Kennard, 234 Mo. 117, 136 SW 415, 37 LRA (NS) 993, Ann. Cas. 1912D 50; State ex rel. Heddens v. Rusk, 236 Mo. 201, 139 SW 199. The city of Brookfield, a city of the third class, had the power to "erect, establish and regulate" a city hospital. 1945 Cons., Art. X, Sec. 11(a); Sec. 6953, Mo. RS 1939 and Mo. RSA, now Sec. 77.530, Mo. RS 1949; and Sec. 6976(a), 1945 Laws, p. 1284, now Sec. 94.070, Mo. RS 1949. See also Secs. 7036-7043, Mo. RS 1939 and Mo. RSA, now Secs. 96.150-96.220, Mo. RS 1949.

The city, in which the legal title to the property vested, became a trustee. The city was not the beneficiary. The city, as such, had no proprietary rights in the fund itself. See Meriwether v. Garrett, 102 U. S. 472, 26 L. Ed. 197. "A charitable trust can be created although there is no definite or definitely ascertainable beneficiary designated." Restatement, Trusts, Sec. 364, p. 1136. "The law benignly aids the charitable use by recognizing that in a public charity uncertainty as to the individual whom the benefit may reach is one of its essential features." Mott v. Morris, 249 Mo. 137, 155 SW 434. See also 14 CJS, Charities, Sec. 39, p. 474; 10 Am. Jur., Charities, Sec. 28, p. 604; Buckley v. Monck, (Mo. Sup.) 187 SW 31; Chambers v. St. Louis, supra; and Hadley v. Forsee, 203 Mo. 418, 101 SW 59, 14 LRA (NS) 49. We hold that the beneficiaries of the trust were the members of the public who might become entitled to use the facilities of a city hospital established and maintained under the provisions of Mrs. Hendricks' will. It follows that, as urged by plaintiffs, there was no merger of the legal and equitable titles in the Hendricks Will Hospital Fund and, hence, no absolute gift to

the city.   See the dissenting opinion in Robinson v. Crutcher, 277 Mo. 1, 209 SW 104, approved in Burrier v. Jones, supra.

What is the nature of the trust created by Mrs. Hendricks in her will?   Plaintiffs contend that ''the testatrix intended the trust to be 'performed in a certain way only' and that there was no general charitable intent.   The words 'sole purpose' and the directions that 'this bequest be used for hospital purposes and no other' very clearly and forcefully eliminate any reasonable basis for a claim of general charitable intent and the doctrine of cy pres could not, in any event, be applied in this case.''

A ''general charitable intent'' is not limited to intent to do ''charity in general.''   There are many kinds of charities.   Restatement, Trusts, Sec. 368, p. 1140; and 10 Am. Jur., Charities, Sec. 52, p. 621.   A general charitable intent exists in any case where there is an intent to assist a certain general type or kind of charity.   If such intent exists, any means specified by the settlor is deemed his preference for dispensing the general kind of charity he has chosen to aid. And such a general [146] charitable intent is negatived only where it is determined that the settlor's intent was to aid that kind of charity *only* in a particular way or by a particular method or means, that he intended to make no gift to that general kind of charity other than by the specified particular means, that he intended that, if the specified particular means failed, the gift failed, and that the corpus of the trust estate could no longer be used for the general type or kind of charity he desired to assist.   2 Bogert, Trusts, Sec. 436, p. 1307; 3 Scott, Trusts, Sec. 399, p. 2098.   See 10 Am. Jur., Charities, Sec. 127, p. 678; Restatement, Trusts, Sec. 399, p. 1208; and Parsons v. Childs, 345 Mo. 689, 136 SW 2d 327.

The terms of a charitable trust may direct a means of execution, or may dedicate the fund to a type of charity ''forever'' or ''for no other purpose,'' or upon condition that it be applied to ''no other purpose.''   Yet these provisions do not necessarily show absence of a general charitable intent.   They may emphasize an intention that the trust property be used in the specified means as long as possible and practicable.   Such provisions do not, ipso facto, show an intent that the trust should cease in the event of impossibility or impracticability of using the specified means.   See Restatement, Trusts, Sec. 399, *Comment b*, p. 1210; and Fairbanks v. City of Appleton, 249 Wis. 476, 24 NW 2d 893.

We believe that, read in its entirety, Mrs. Hendricks' will shows a general charitable intent.   In the first place, she devised and bequeathed the residue of her estate (really, her entire estate after payment of debts and funeral expenses) to this hospital fund.   She expressly stated that it was her will that none of her nieces, nephews, great nieces and great nephews have any benefit from her estate. The language of the third paragraph of the will is conclusive that she

intended the residue to go into the trust fund and that there were to be no reverter rights in her heirs at law. This paragraph indicates that she believed she was disposing of all of her estate, leaving nothing for her heirs to inherit, either under the will itself or under the statute of descents and distributions. We do not doubt that it was her intention that her property was to be used for a type or kind of charity—hospital facilities for the sick and injured—and was not to revert to her distant relatives. Thatcher v. Lewis, supra.

(We need not rule plaintiffs' contention that the third paragraph is insufficient to disinherit the heirs. The efficacy of the language of the paragraph for that purpose is immaterial if the will as a whole shows "a clear intention to dispose of all of her property and not to leave any of it to go under the statute of descents." Smoot v. Harbur, 357 Mo. 551, 209 SW 2d 249. See also Meiners v. Meiners, 179 Mo. 614, 78 SW 795. In Hurst v. Von de Veld, 158 Mo. 239, 58 SW 1056, cited by plaintiffs, the court construed the will as leaving property undisposed of. We have reached a contrary conclusion as to Mrs. Hendricks' will.)

Mrs. Hendricks' general charitable intent is further reflected in the language of the fourth paragraph of the will. We agree with plaintiffs that "this testatrix left her estate to the City of Brookfield for hospital purposes and for no other purpose," and that "the testatrix intended the trust to be performed in a certain way," viz.: the building, equipping and maintaining of a city hospital. But we do not agree with plaintiffs that she intended that the trust be performed *only* in that certain way; or that her gift was upon the condition that it be used *only* in building and maintaining a city hospital in Brookfield. Though she said that the bequest was for the "sole purpose of building and equipping and maintaining a city hospital," she also directed that the hospital be located in Brookfield and "that this bequest be used for hospital purposes and no other." Plaintiffs strongly rely upon the direction as to location but ignore the clause last quoted. However, in our search for the intention of this testatrix, we cannot ignore this clause. [147] She must have had some purpose in concluding the paragraph with the direction that her bequest be used *only* "for hospital purposes." See In Re Neher's Will, 279 N. Y. 370, 18 NE 2d 625.

Plaintiffs cite Rice v. Hawley, 239 Mo. App. 901, 203 SW 2d 158. There a bequest to a lodge "for the purpose of building a hospital in the City of Neosho" was said not to be "a gift to charity generally, but was for a specific purpose." However, by the express terms of that will, the trust was subject to two conditions: that the trustee raise a like amount of money and that the hospital cost not less than $25,000. The court properly construed that will as negativing a general intent to aid hospital charity in Neosho, and as requiring

the accomplishment of a narrow charitable intent only by the single means prescribed. We do not so construe Mrs. Hendricks' will.

Having found that a charitable intent existed, it follows that the trust is, and from its inception was, subject to the cy pres doctrine; that it has not failed; and that it cannot fail so long as it is possible for a court of equity to order the use of the trust fund for purposes within Mrs. Hendricks' general charitable intent.

Plaintiffs insist that this charitable trust failed "by reason of the lapse of more than ten years without a hospital; without any plans for such a hospital, and with no means in sight with which to supplement this devise so as to establish such a hospital within the foreseeable future."

This contention is first based upon certain official statements relating to the city's financial condition. We assume, but do not decide, that the city was not able to build, equip and maintain a hospital out of current revenues.

Plaintiffs also rely upon the testimony of a former mayor of Brookfield, and at trial time (November, 1949) a member of the city council, to this effect: there was no city hospital and no organized plan to secure one; the possibilities, including possible government aid, had been discussed; and the city's financial condition was such that it could incur an indebtness for this purpose.

Finally, plaintiffs rely upon the allegations of one paragraph in an action filed on November 25, 1946, in which the city was plaintiff and the attorney general was defendant. The petition set out Mrs. Hendricks' will and alleged that the city held the funds as trustee. It contained this paragraph:

"Plaintiff states that there is not now and never has been and never will be, in the foreseeable future, a sufficient sum of money in said fund to carry out the provision for the charitable trust created in the fourth clause in the will aforesaid and that it is impossible to build, equip and maintain a city hospital from such sum of money or with such sum of money. That the City of Brookfield has no other funds with which to build such a hospital and that such fund lies dormant and useless and the purposes of the trust are not being and cannot be fulfilled by the trustees because of the insufficiency of the fund."

The action stated in that petition was one by the trustee asking authorization to apply the trust fund toward the cost of a proposed county hospital, to be located within 4 miles of Brookfield, in the event the voters of the county approved a county bond issue for such purpose at an election to be held December 10, 1946; or, in the event the bond issue failed to carry, the trustee requested permission to use the fund "for the purposes of public health or hospitalization in such a manner as not to be inconsistent with the intent of Cynthia J. Hendricks." In other words, asserting its desire and willingness

"to make use of the fund for hospital purposes and for charitable purposes consistent with the charitable intent expressed by." Mrs. Hendricks, the city asked the guidance of a court of equity under the cy pres doctrine.

The record does not show the result of the December 10, 1946, election but in the oral argument it was conceded that the proposed county hospital bond issue was not voted. On October 16, 1947, the city voluntarily dismissed its petition.

[148] We agree with the trial judge that, while the evidence shows that Brookfield has not established a city hospital and has neither levied special taxes nor voted bonds for this purpose, nevertheless the evidence does not show a complete abandonment of plans for a city hospital sometime in the future. And even if such abandonment had been shown, Mrs. Hendricks' desires can still be carried out under the cy pres doctrine.

There was no evidence of the cost of a city hospital in Brookfield, but the parties agree that it could not be built, equipped and maintained by the Hendricks legacy alone. But this is not material where, as we have found, the cy pres doctrine may be made applicable to the trust fund. "The insufficiency of the fund provided is no good reason for defeating a charitable gift or trust if the intention of the donor can to some extent be carried into effect." 14 CJS, Charities, Sec. 52, p. 519. See also: Zollman, Charities, Sec. 212, p. 149; 10 Am. Jur., Charities, Sec. 129, p. 680; Restatement, Trusts, Sec. 399, *Comment g*, p. 1214; 2 Bogert, Trusts, Sec. 438, p. 1320; and Annos. 169 ALR 266, and Ann. Cas. 1916D 487.

Plaintiffs cite Seibold v. City of Naperville, 19 F. Supp. 281, where the bequest was for the establishment and maintenance of a public hospital in the city "under the statutes of the State of Illinois" and "under the provisions of said statutes." See 23 Smith-Hurd, Ill. Ann. Stat., Secs. 165-175, similar to Secs. 7036-7043, Mo. RS 1939 and Mo. RSA, now Secs. 96.150-96.220, Mo. RS 1949. Also, there was an express provision making an alternate disposition of the trust fund. The court found that no general charitable intent existed, that the testator realized his gift would be inadequate and intended the gift to fail unless the city raised additional funds and constructed and operated a city hospital under the statutes referred to. We have reached a contrary conclusion as to Mrs. Hendricks' will.

The other cases cited by plaintiffs are inapplicable. In Campbell v. City of Kansas, 102 Mo. 326, 13 SW 897, land dedicated for cemetery purposes had been converted to park purposes by the trustee city. In Carlisle County v. Norris, 200 Ky. 338, 254 SW 1044, the land was never put to its dedicated cemetery use by the beneficiaries, the public. In Simms v. Folts Mission Institute, 154 Misc. 384, 276 NYS 145, the bequest for one general type of charity (religious education) was sought to be applied to another general type of charity

(a home for old people). In Gaskins v. Williams, 235 Mo. 563, 139 SW 117, the use of land dedicated for a courthouse site was made impossible by the location of the county seat in another town. In Maguire v. City of Macomb, 293 Ill. 441, 127 NE 682, there was an express provision for failure of the gift in the event the city failed to improve the land as a public park "within a reasonable time."

Our ruling is that this trust has not failed and is one to which the cy pres doctrine may be applied in a future appropriate action. We are not, nor was the trial judge, called upon to direct the use of this trust fund under that doctrine. Plaintiffs do not seek to enforce the trust and defendants do not invoke the aid of equity to prevent a failure of Mrs. Hendricks' charitable purpose, as did the city in the other suit.

Our conclusions render unnecessary determination of the other issues by the parties—plaintiffs' right to sue and applicability of statutes of limitations to both plaintiffs and to the city.

The judgment is affirmed. *Van Osdol* and *Aschemeyer, CC.,* concur.

PER CURIAM:—The foregoing opinion by LOZIER, C., is adopted as the opinion of the court. All the judges concur.