IN RE ESTATE OF MAGNUS MUNSON.
HILMA M. STOPPEL v. RED RIVER VALLEY CONFERENCE
OF THE EVANGELICAL LUTHERAN AUGUSTANA SYNOD
OF NORTH AMERICA AND ANOTHER.[1]

January 30, 1953.

No. 35,822.

[1]Reported in 57 N. W. (2d) 22.

*Dell & McCarten,* for appellant.

*Thornton & Thornton* and *Philip R. Monson,* for respondent Red River Valley Conference of the Evangelical Lutheran Synod of North America.

THOMAS GALLAGHER, JUSTICE.

Appeal from an order of the district court denying motions for amended findings or for a new trial in proceedings involving the construction of a paragraph in the will of Magnus Munson, who died in Douglas county on May 26, 1949. The paragraph in question is in a will dated July 16, 1931, and reads as follows:

"Third, The balance of my estate * * * I give and bequeath for the erection or maintenance of a children's orphan home to be erected near the present site of Bethany Home in the City of Alexandria, Minnesota, said institution to be under the same management as Bethany Home or the Red River Valley Conference of the Augustana Synod."

Prior to the district court hearing the probate court of Douglas county, in its construction of paragraph three, had made its final decree as follows:

"All of the above described real estate in fee simple to The Red River Valley Conference of the Augustana Synod, incorporated under the name of 'Red River Valley Conference of the Evangelical Lutheran Augustana Synod of North America', to be used by them in

trust for the erection or maintenance of a children's orphan home to be erected near the present site of the Bethany Home in the City of Alexandria, Minnesota; all in accordance with the terms and provisions of the Last Will and Testament of said decedent."

Hilma M. Stoppel, a cousin of testator, on her own behalf and on behalf of some 32 additional cousins of testator, his heirs at law, appealed to the district court from the decree. After a trial *de novo* there, findings and conclusions were made, which included the following:

"That the 'Bethany Home' named in said quoted paragraph of decedent's Will [paragraph three] is the 'Bethany Home for the Aged', located in the City of Alexandria, Minnesota.

"That the 'Red River Valley Conference of the Augustana Synod' named by the said decedent in said paragraph is 'The Red River Valley Conference of the Evangelical Lutheran Augustana Synod of North America'.

"That said Bethany Home for Aged is under the management of the Red River Valley Conference of the Evangelical Lutheran Augustana Synod of North America through its subsidiary organization, The Board of Charities of the Red River Valley Conference of the Evangelical Lutheran Augustana Synod of North America.

"That * * * said Red River Valley Conference of the Evangelical Lutheran Augustana Synod of North America, through its subsidiary organization, the Board of Charities of the Red River Valley Conference of the Evangelical Lutheran Augustana Synod, maintained and does now maintain a home for children known as 'Bethany Children's Home', immediately adjacent to the 'Bethany Home for Aged' in the City of Alexandria, Minnesota."

As a conclusion of law, the court determined:

"That the Final Decree of the Probate Court of Douglas County, Minnesota, made and filed in the above estate on the 16th day of February, 1950, is hereby in all things affirmed."

Sometime during the year 1940 testator signed an undated instrument designated as his "last Will & Testament." It made new and

different dispositions of his property and in particular bequeathed the residue of his estate to "St. Lukes Hospital located on 9th Ave Alexandria Minn." This instrument was not executed in accordance with statutory requirements relating to the execution of wills. It was never offered for probate nor submitted in evidence in the probate court proceedings.

The articles of incorporation of the *Red River Valley Conference of the Evangelical Lutheran Augustana Synod of North America* provide that said name may be abbreviated to *"The Red River Valley Conference."* They further provide that the general purposes and powers of the corporation shall be "to establish and maintain Schools and charitable institutions * * * to receive real and personal property in trust in the manner and for the purposes provided by law."

The articles of the *Board of Charities of the Red River Valley Conference of the Evangelical Lutheran Augustana Synod* provide that its object shall be "to acquire, establish and maintain Orphan Homes, Homes for the aged and such other charitable institutions as it may be directed by the Red River Valley Conference to acquire, establish and maintain; * * * to acquire, and receive by purchase, * * * gift, grant, devise and bequest any property, real, personal or mixed; to hold, * * * lease or otherwise use said property as needed * * * for the accomplishment of the object for which this corporation is formed." They further provide that its management is vested in a board of directors consisting of the president of the *Red River Valley Conference* and nine members *to be elected by the conference*. Testimony was presented showing that it was at all times operated by the *Red River Valley Conference*.

On this appeal appellant contends that the undated instrument executed by testator during 1940, purporting to be his last will and testament, in effect constituted a revocation of the will admitted to probate and further that paragraph three of the latter will is void since no express trust is created by virtue of its provisions and since no donee or trustee of sufficient legal capacity to acquire and hold title or to accept an absolute gift is designated therein.

■ M. S. A. 525.19 sets forth the specific methods by which a will may be revoked. It provides that:

"No will in writing shall be revoked * * * otherwise than by some other will in writing; or by some other writing of the testator declaring such revocation * * * and executed with the same formalities with which the will itself was required by law to be executed; or unless such will be burnt, torn, canceled, obliterated or destroyed, with the intent and for the purpose of revoking the same, by the testator himself or by another person in his presence by his direction and consent. When so done by another person, the direction and consent of the testator and the facts of such injury or destruction shall be proved by at least two witnesses."

While the 1940 instrument may have been intended by testator as a new will as well as a revocation of the will in dispute, since it was not executed with the formalities required by law for the execution of a will, it is clear that it did not operate in either direction.

■ Section 525.19 further provides that:

"* * * Nothing in this section shall prevent the revocation implied by law from subsequent change in the condition or circumstances of the testator."

Appellant asserts that since testator's housekeeper, who had been named as a beneficiary in the will, was no longer with him in 1940 and since his church by that time had become interested in the construction of a hospital at Alexandria, such facts established subsequent changes or circumstances compelling a finding that the will here challenged was revoked in 1940. With this we do not agree. Whether subsequent changes in the condition or circumstances of a testator imply a revocation of his will made prior thereto is a question of fact. To establish a revocation by implication, there must be evidence sufficient to support such a conclusion. Thus, a testator's *inter vivos* disposition of certain of his property intended to be devised by the terms of a will made by him prior thereto definitely implies his revocation of the testamentary clauses

relating to such property. In re Estate of O'Connor, 191 Minn. 34, 253 N. W. 18.

Here, the 1940 instrument, ineffective as a will, was equally ineffective as a disposition of any of the property bequeathed or devised in the prior will. No evidence of other changes in testator's condition or circumstances was presented from which a revocation of the challenged paragraph could be implied. Accordingly, the trial court's determination of this issue must be affirmed.

■ In upholding paragraph three, the trial court applied the provisions of § 501.12,[2] which recognizes and defines express trusts for charitable purposes. Appellant urges that because paragraph three does not contain words of *express* trust the provisions of § 501.12, limited by virtue of its title and terms to *express* charitable trusts, can have no application thereto. Subd. 2 of this section, however, directs that no charitable trust shall be held invalid because of the indefiniteness or uncertainty of its objects or of the beneficiaries thereof. Subd. 3 thereof directs that such trusts be liberally construed to give effect to the intentions of the donor, even though the donor has imperfectly outlined "the purpose and object of such charity or the method of administration."

In compliance with these legislative directives, we have held § 501.12 to be applicable to bequests and devises contained in testamentary dispositions of property for charitable purposes even though words of express trust were not contained therein. Thus,

---

[2]M. S. A. 501.12 (L. 1927, c. 180) provides in part:

"Subdivision 1. Express trusts of real or personal property, or both, may be created to receive by grant, devise, gift, or bequest, and to take charge of, invest, and administer in accordance with the terms of the trust, upon and for any charitable, benevolent, educational, religious, or other public use or trust.

"Subd. 2. No such trust shall be invalid because of indefiniteness or uncertainty of the object of such trust or of the beneficiaries thereof designated in the instrument creating the same * * *.

"Subd. 3. Such trust shall be liberally construed by the courts so that the intentions of the donor thereof shall be carried out when possible and no such trust shall fail solely because the donor has imperfectly outlined the purpose and object of such charity or the method of administration."

in In re Estate of Peterson, 202 Minn. 31, 36, 277 N. W. 529, 532, we stated:

"* * * we hold, in line with many courts, that a devise or bequest, although in form an outright gift, yet when made to an institution whose sole reason for existence and whose entire activity is charitable, is in purpose and practical effect a charitable trust. In such cases the recipient * * *, a legal entity organized and existing for the purpose of administering the named charities, takes, not beneficially, but as trustee, to use the funds in furtherance of these charitable purposes."

See, also, In re Estate of Quinlan, 233 Minn. 35, 45 N. W. (2d) 807; Ramsey v. City of Brookfield, 361 Mo. 857, 237 S. W. (2d) 143; In re Babbage's Estate, 201 Misc. 750, 106 N. Y. S. (2d) 332; Homer v. Wullenweber, 89 Ohio App. 255, 101 N. E. (2d) 229; 2 Bogert, Trusts and Trustees, § 369; Restatement, Trusts, § 348. Cases and authorities submitted by appellant in support of an opposite conclusion for the most part deal with attempts to create private as distinguished from charitable trusts or relate to situations which developed prior to the enactment of § 501.12.

■ Appellant urges that, because paragraph three of the will does not specifically name or appoint a trustee as such, there can be no valid transfer of the property covered thereby and that, hence, the disposition of the residue provided for therein is null and void. Reference to this paragraph, however, discloses therein testator's clearly expressed appointment and designation of the Red River Valley Conference as the recipient of the residue for the purpose of giving effect to his charitable objective. The children's orphan home, he directs, is to be under the same management as Bethany Home, or the Red River Valley Conference of the Augustana Synod. It is undisputed that the Red River Valley Conference, a charitable, religious, and educational corporation, through its subsidiary, the Board of Charities, was in management and control of Bethany Home. Extrinsic evidence is always admissible to identify devisees and legatees. In re Estate of Lundquist, 193 Minn. 474, 259 N. W.

9. Paragraph three thus clearly discloses the prerequisites for making applicable the provisions of § 501.12—a valid gift, a trustee indicated *in some manner*, a definable charitable use or object, and a general charitable intent. In re Estate of Peterson, *supra*. Such evidence we deem amply sufficient to sustain the determination of both probate and district courts that the Red River Valley Conference was the designated trustee of the charitable trust provided for in paragraph three.

■ Even had testator failed to designate a trustee, under the directives of § 501.12 it would have been incumbent upon the court to supply this deficiency in order to give effect to the charitable trust intended by testator. Subd. 3 of this section provides that "no such trust shall fail solely because the donor has imperfectly outlined the * * * method of administration." Thereunder, it would seem clear that the court would be empowered to designate a trustee so as to provide for a "method of administration" so the trust would not fail. As we stated in In re Estate of Quinlan, 233 Minn. 35, 44, 45 N. W. (2d) 807, 812:

"* * * It is elementary that a court of equity will not permit a trust to fail for want of a trustee. Estate of Rowell, 248 Wis. 520, 22 N. W. (2d) 604; 2 Bogert, Trusts and Trustees, § 328."

These principles, thus given statutory effect, are in accordance with the great weight of authority governing charitable trusts. They are set forth in Restatement, Trusts, § 397, *comment f,* as follows:

"If the owner of property devises or bequeaths it for charitable purposes and not only does not name a trustee but also does not use language indicating that the property is to be held upon trust, nevertheless, a charitable trust will be created. In such a case the court will appoint a trustee to administer the trust. * * * It is not essential to the validity of the charitable trust that the charitable purpose should be specifically designated."

See, also, Buckley v. Monck (Mo.) 187 S. W. 31; Russell v. Allen, 107 U. S. 163, 2 S. Ct. 327, 27 L. ed. 397; Hagen v. Sacrison, 19 N. D. 160, 123 N. W. 518, 26 L.R.A.(N.S.) 724; Hitchcock v. Board of

Home Missions, 259 Ill. 288, 102 N. E. 741; Annotation, 5 A. L. R. 315.

The order appealed from is affirmed.

Affirmed.

MR. JUSTICE ROGER L. DELL, not having been a member of the court at the time of the argument and submission, took no part in the consideration or decision of this case.